IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BANK OF AMERICA, N.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 14 C 3267 |
| v. ) | |
| ) | Judge Amy J. St. Eve |
| ) | |
| CHICAGO TITLE INSURANCE CO., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

The Court denies Defendants' motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) [18]. Defendants shall answer by 9/30/14.

## STATEMENT

On May 5, 2014, Plaintiff Bank of America, N.A., ("BOA") brought the present five-count Complaint against Defendants Chicago Title Insurance Company ("Chicago Title"), Counselors' Title Company, LLC ("Counselors"), and members of Counselors based on the Court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a). Before the Court is Counselors' and two of its members' (collectively the "Title Agent Defendants") motion to dismiss Counts III, IV, and V of the Complaint pursuant to Rule 12(b)(6).[1] For the following reasons, the Court denies the Title Agent Defendants' motion.

## LEGAL STANDARD

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff,* 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim

---

[1] Plaintiff has labeled two of its claims as Count IV. The Court refers to the second Count IV as Count V.

to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true, *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013), and draw "reasonable inferences in favor of the plaintiffs." *Teamsters Local Union No. 705 v. Burlington No. Santa Fe, LLC,* 741 F.3d 819, 823 (7th Cir. 2014). When ruling on motions to dismiss, courts may also consider documents attached to the pleadings without converting the motion to dismiss into a motion summary judgment, as long as the documents are referred to in the complaint and central to the plaintiff's claims. *See Adams v. City of Indianapolis,* 742 F.3d 720, 729 (7th Cir. 2014); Fed.R.Civ.P. 10(c). "[A] plaintiff is not required to plead facts in the complaint to anticipate and defeat affirmative defenses," but "when a plaintiff's complaint nonetheless sets out all of the elements of an affirmative defense, dismissal under Rule 12(b)(6) is appropriate." *Independent Trust Corp. v. Stewart Info. Serv. Corp.,* 665 F.3d 930, 935 (7th Cir. 2012).

## BACKGROUND

Counselors was the agent that handled the refinancing of the mortgage loan on property commonly known as 9207 S. Tripp Ave, Oak Lawn, Illinois 60453 ("Property"). (R. 1, Compl. ¶ 9.) Arturo and Linda Chavarrias (collectively "Borrower") owned the Property. (*Id.* ¶ 10.) On or about April 1, 2009, BOA made a mortgage loan to the Borrower in the principal amount of $236,175.00 secured by a mortgage on the Property ("Loan"). (*Id.* ¶ 11.) In connection with the Loan, BOA obtained from Counselors, acting on behalf of Ticor Title Insurance Company ("Ticor"), a commitment to issue a loan policy in favor of Countrywide, BOA's predecessor. (*Id.* ¶ 12.) Countrywide disbursed the Loan Proceeds to Counselors to be held and not released except upon the terms and conditions of the Closing Instructions. (*Id.* ¶ 13.) BOA alleges that Counselors should not have disbursed the Loan proceeds except to pay approved items. (*Id.* ¶ 14.) According the Settlement Statement signed by Counselors and Borrower, Loan proceeds in the amount of $225,829.76 should have been used in part to pay a mortgage held by J.P. Morgan Chase, NA ("Chase Mortgage"). (*Id.* ¶ 15.) BOA further asserts that Counselors commingled the Loan proceeds with its other funds. (*Id.* ¶ 16.)

In January 2013, Chase filed an action to foreclose its mortgage on the Property alleging that the Chase mortgage had priority over BOA's mortgage. (*Id.* ¶ 17.) The foreclosure action is currently pending in the Circuit Court of Cook County as Case No. 13 CH 1912 ("Foreclosure Action"). (*Id.*) In March 2014, the Borrower filed a Counterclaim against BOA in the Foreclosure Action alleging that BOA breached its obligations to the Borrower because the Loan proceeds were not used to pay the Chase Mortgage. (*Id.* ¶ 18.) BOA then made a demand upon Chicago Title to defend, indemnify, and hold BOA harmless from any loss or damage arising from or relating to the Foreclosure Action and the Counterclaim, as well as any loss or damage arising from or relating to the loss of BOA's first lien position on the Property. (*Id.* ¶ 19.) Chicago Title denied BOA's demand by letter dated April 25, 2014. (*Id.* ¶ 20.) Chicago Title, which is the successor by merger to Ticor, also denied that Counselors was authorized to hold

itself out, and act, as Ticor's agent on April 1, 2009, and in connection with the closing of the Loan. (*Id.* ¶¶ 2, 20.) According to Chicago Title, the agency agreement between Counselors and Ticor terminated as of March 13, 2009. (*Id.* ¶ 20.)

BOA alleges that in the previous litigation between Ticor and Defendants, Defendants argued that Counselors was authorized to hold itself out and act as Ticor's agent on April 1, 2009 and in connection with the closing of the Loan, notwithstanding the termination of the issuing agency contract, based in part on a February 10, 2009, letter from Ticor. (*Id.* ¶ 21.) The February 10, 2009, letter states in part that "you will be permitted to finish the issuance of policies on orders accepted prior to that date [i.e. at the expiration of 30 days from the letter] so as to accomplish an orderly wind-up of our relationship and take care of customer services." (*Id.*) Counselors accepted the order from BOA prior to the termination of the agreement between Counselors and Ticor. (*Id.*)

Based on these allegations, BOA brings the following claims: (1) a declaratory judgment claim that Chicago Title is obligated to defend, indemnify, and hold BOA harmless from any loss or damage (Count I); (2) a breach of contract claim against Chicago Title (Count II); (3) a breach of fiduciary duty claim against Counselors and its members (Count III); (4) a fraud claim against Counselors and its members (Count IV); and (5) a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") against Counselors and its members (Count V).

## ANALYSIS

In their motion to dismiss, the Title Agent Defendants maintain that BOA's claims in Counts III, IV, and V accrued no later than May 6, 2009, and thus BOA's fiduciary duty and fraud claims are barred by the two-year limitations period set forth in 735 ILCS 5/13-214.4 for actions against insurance producers, and the three-year limitations period set forth in the ICFA. *See* 815 ILCS 505/10a(e). More specifically, the Title Agent Defendants assert that these claims accrued on May 6, 2009 because, on April 1, 2009, Counselors conducted the closing as the settlement agent pursuant to the terms and conditions contained in the Closing Instructions and the Closing Instructions expressly stated that Counselors "must deliver the Title Policy to Lender no later than 30 days from the date of Disbursement." According to the Settlement Statement attached to Plaintiff's Complaint at Exhibit A, the disbursement date was April 6, 2009. Defendants thus argue that BOA was on notice of its claims when it did not receive the Title Policy on May 6, 2009.[2]

---

[2] The Court may consider the Settlement Statement and Closing Instructions in considering the present motion to dismiss because BOA has attached these documents to its Complaint, BOA referred to these documents in its Complaint, and they are central to BOA's claims. *See Adams v. City of Indianapolis,* 742 F.3d 720, 729 (7th Cir. 2014).

3

The Title Agent Defendants' failure to issue the Title Policy by May 6, 2009 did not put BOA on notice that Defendants misappropriated BOA's loan proceeds. To clarify, BOA's claims are not based on Defendants' failure to issue the policy, but rather that Defendants misappropriated the loan proceeds, including the disbursement of the proceeds, without following the terms of the escrow agreement.

Accordingly, the Court looks to BOA's allegations to determine when its claims accrued. *See Independent Trust Corp.,* 665 F.3d at 935 ("the Illinois discovery rule [] tolls the statute of limitations until a plaintiff knows or should know that he has been injured and that his injury was wrongful."); *Kopley Group V., L.P. v. Sheridan Edgewater Prop., Ltd.,* 376 Ill.App.3d 1006, 1021, 876 N.E.2d 218, 231, 315 Ill.Dec. 218, 231 (1st Dist. 2007) ("the discovery rule applies to actions brought under the Consumer Fraud Act."). Viewing BOA's allegations and all reasonable inferences in its favor, BOA maintains that it did not know (and could not have reasonably known) of the Title Agent Defendants' misconduct until it received Chicago Title's April 25, 2014 letter stating that Counselors and Ticor terminated their agency agreement on March 19, 2009, prior to the April 1, 2009, closing. Thus, at this stage of the proceedings, BOA's Complaint does not conclusively set out the elements of the Title Agent Defendants' statute of limitations affirmative defense regardless of whether a two year, three year, or five year limitations period applies.[3] *See Independent Trust Corp.,* 665 F.3d at 935 ("a plaintiff is not required to plead facts in the complaint to anticipate and defeat affirmative defenses," however, "when a plaintiff's complaint nonetheless sets out all of the elements of an affirmative defense."). In other words, BOA's claims are timely at this stage of the proceedings based on its allegations that its claims did not accrue until April 25, 2014. The Court therefore denies the Title Agent Defendants' motion to dismiss. *See Richards v. Mitcheff,* 696 F.3d 635, 638 (7th Cir. 2012) ("Judges should respect the norm that complaints need not anticipate or meet potential affirmative defenses.").

**Dated:** September 9, 2014

                                                 **AMY J. ST. EVE**
                                                 **United States District Court Judge**

---

[3] BOA argues that the five year limitations period pursuant to 735 ILCS 5/14-205 applies to its fraud and breach of fiduciary duty claims and not the two year period under 735 ILCS 5/13-214.4. Under the circumstances, the Court need not address this argument.